UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GARY D. FIELDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-01928-TWP-MJD |
| ) | |
| CAROLYN COLVIN, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ADOPTING, IN PART, THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Commissioner"), has filed an objection to the Magistrate Judge's Report and Recommendation, wherein the Magistrate Judge recommended that the final decision be reversed and benefits be awarded to the Plaintiff, Gary D. Fields ("Fields"). For the reasons stated below, the Court overrules in part and sustains in part the Commissioner's objection and adopts the Magistrate Judge's Report and Recommendation.

**I. BACKGROUND**

**A.    Procedural History**

Fields filed an application for Disability Insurance Benefits ("DIB") under Subchapter II of the Social Security Social Security Act, and for Supplemental Security Income ("SSI") under Subchapter XVI of the Social Security Act, on December 12, 2008. (Filing No. 15-2 at 58.) He listed organic mental disorders, heart problems, anxiety, depression, and psychotic symptoms as his disabling impairments. His application was denied initially and upon reconsideration. He timely requested a hearing and, on September 13, 2010, a hearing was held before Administrative

Law Judge David R. Wurm ("ALJ Wurm").  ALJ Wurm issued his decision, denying Fields' application for DIB and SSI.  Thereafter, the Appeals Council denied Fields' request for review, making ALJ Wurm's decision the final decision of the Commissioner for the purposes of judicial review.  Fields filed an appeal which was referred to a Magistrate Judge, who issued an order reversing the Commissioner's decision and remanding the case for further proceedings.  (Filing No. 15-17 at 33-49.)  In so ruling, the Magistrate Judge found that ALJ Wurm erred by failing to properly evaluate the weight afforded to the opinions of Fields' treating physician, Dr. Martin F. Abbert ("Dr. Abbert"); failing to fully consider the impact of Fields' mental impairments in his Residual Functioning Capacity ("RFC") determination; failing to discount Fields' testimony with record evidence; and failing to adequately consider whether Fields' mental impairments satisfied Listing 12.05.  (Filing No. 15-17 at 43-48.)

On remand, a hearing was held before a different Administrative Law Judge, William E. Sampson (the "ALJ").  (Filing No. 15-16 at 894.)  The ALJ issued his decision, again denying Fields' applications for DIB and SSI.  (Filing No. 15-16 at 5-24.)

On November 21, 2014, Fields the instant appeal.  The matter was referred to Magistrate Judge Mark J. Dinsmore (the "Magistrate Judge") for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).  (Filing No. 20.)  On December 22, 2015, the Magistrate Judge filed his Report and Recommendation, to which the Commissioner filed a timely objection.  (Filing No. 23.)

B. **Medical History**

Fields was born in September 1968. He has an 11th grade education and attended special education classes. His past work was mostly in restaurants as a cook and dishwasher, but he also worked as a laborer.  He alleges a disability beginning January 1, 2008. In his Report and

2

Recommendation, the Magistrate Judge incorporated by reference the facts cited in Fields' opening brief. (*See* Filing No. 22 at 1 n.1; Filing No. 17 at 4-21.) The parties did not object to the Magistrate Judge's incorporation of the relevant medical history directly from Fields' brief. Therefore, this Court also incorporates by reference the facts cited in Fields' opening brief, citing additional, specific facts only as necessary to resolve the Commissioner's objection to the Report and Recommendation.

**C.    The ALJ's Decision**

The ALJ first determined that Fields met the insured status requirements of the Social Security Act through September 30, 2015, and had not engaged in substantial gainful activity since January 1, 2008, the alleged onset date, through October 27, 2010. (Filing No. 15-16 at 8.) At step two, the ALJ found Fields' coronary artery disease, osteoarthritis to his right shoulder, degenerative disc disease, obesity, asthma, chronic obstructive pulmonary disease, mild mental retardation, depression, and generalized anxiety disease to be severe impairments. *Id.* However, at step three, the ALJ found Fields did not have an impairment that met or medically equaled a Listing, evaluating Listings 1.02, 1.04, 3.02, 3.03, 3.10, 4.01, 4.02, 4.04, 12.02, 12.04, and 12.05. *Id.* at 8-11.

The ALJ next determined that Fields had the RFC to perform "light work" with the following additional limitations,

> [T]he claimant is able to lift up to 20 pounds occasionally and up to 10 pounds frequently, stand and/or walk up to 4 hours in an 8-hour workday and sit up to 6 hours in an 8-hour workday. He would need a sit/stand option whereby he could sit for 15 minutes of every hour. In addition, he is never to climb ladders, ropes or scaffolds, but is occasionally able to climb ramps and stairs, and balance, stoop, kneel, crouch and crawl. He is limited to occasional overhead reaching with his right dominant upper extremity. He is to avoid concentrated exposure to breathing irritants such as fumes, odors, dusts and gases and hazards, such as dangerous moving machinery and unprotected heights. Mentally, he is limited to simple, routine and repetitive tasks and occasional interaction with his co-workers and

3

supervisors and no interaction with the public. Lastly, he is not to have any production rate pace work, such as on an assembly line.

*Id*. at 11. Thereafter, at step four, the ALJ determined that Fields was unable to perform his past relevant work. *Id*. at 23. However, at step five, considering Fields' age, education, work experience, and RFC, the ALJ found that there were jobs that existed in significant numbers that Fields could perform. *Id*. at 23-24. Specifically, the ALJ found Fields was able to perform work as a microfilm document processor, an ampule sealer, and a pari-mutuel ticket checker. *Id*. at 24. Based on these findings, the ALJ concluded that Fields was not disabled, as defined by the Social Security Act. *Id*.

## II. LEGAL STANDARD

### A. Disability Determination

Under the Social Security Act, a claimant is entitled to DIB or SSI if he establishes he has a disability. 42 U.S.C. §§ 423(a)(1)(E), 1382. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A), 1382c(a)(3)(A). To justify a finding of disability, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner employs a five step sequential analysis to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If disability status can be determined at any step in the sequence, an application will not be reviewed further. *Id*. At step one, if the claimant is engaged in substantial gainful activity, he is not disabled despite his medical condition

and other factors. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, if the claimant does not have a "severe" impairment that meets the durational requirement, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three of the sequential analysis, the ALJ must determine whether the claimant's impairment or combination of impairments meets or equals the criteria for any of the conditions included in 20 C.F.R. Part 404, Subpart P, App'x 1 (the "Listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also* 20 C.F.R. Pt. 404, Subpart P, App'x 1. The Listings are medical conditions defined by criteria that the Social Security Administration has pre-determined to be disabling. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004); 20 C.F.R. §§ 404.1525(a), 416.925(a). *See also* 20 C.F.R. Pt. 404, Subpart P, App'x 1. For each Listing, there are objective medical findings and other findings that must be met or medically equaled to satisfy the criteria of that Listing. 20 C.F.R. §§ 404.1525(c)(2)-(5), 416.925(c)(2)-(5).

If the claimant's impairments do not meet or medically equal a Listing, then the ALJ assesses the claimant's residual functional capacity for use at steps four and five. 20 C.F.R. §§ 404.1520(e), 416.920(a)(4)(iv). Residual functional capacity is the "maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008); 20 C.F.R. § 404.1545(a)(1); 20 C.F.R. § 416.945(a)(1).

At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At step five, the ALJ determines whether the claimant can perform any other work in the relevant economy, given his RFC and considering his age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See*

*also* 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  The claimant is not disabled if he can perform any other work in the relevant economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  The combined effect of all of a claimant's impairments shall be considered throughout the disability determination process.  42 U.S.C. §§ 423(d)(2)(B); 1382c(a)(3)(G).  The burden of proof is on the claimant for the first four steps; it then shifts to the Commissioner at the fifth step.  *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004).

**B.     Review of the Commissioner's Final Decision**

When the Appeals Council denies review, the ALJ's ruling becomes the final decision of the Commissioner.  *Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009); *Hendersen v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999). Thereafter, in its review, the district court will affirm the Commissioner's findings of fact if they are supported by substantial evidence.  42 U.S.C. § 405(g); *Craft*, 539 F.3d at 673; *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Dixon*, 270 F.3d at 1176; *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001).  *See also Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (noting that substantial evidence must be "more than a scintilla but may be less than a preponderance").

In this substantial-evidence determination, the Court does not decide the facts anew, re-weigh the evidence, resolve conflicts, decide questions of credibility, or substitute the Court's own judgment for that of the Commissioner.  *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008); *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).  Accordingly, if the Commissioner's decision is adequately supported and reasonable minds could differ about the disability status of the claimant, the Court must affirm the decision.  *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

Ultimately, the sufficiency of the ALJ's articulation aids the Court in its review of whether the Commissioner's final decision was supported by substantial evidence.  *See Stephens v. Heckler*, 766 F.2d 284, 287-88 (7th Cir.  1985) ("[t]he ALJ's opinion is important not in its own right but because it tells us whether the ALJ has considered all the evidence, as the statute requires him to do.").  While, the ALJ need not evaluate every piece of testimony and evidence submitted in writing, the ALJ's decision must, nevertheless, be based upon consideration of all the relevant evidence.  *Terry v.  Astrue*, 580 F.3d 471, 475 (7th Cir.  2009); *Carlson v.  Shalala*, 999 F.2d 180, 181 (7th Cir.  1993). The ALJ may not discuss only that evidence that favors his ultimate conclusion but must confront evidence that contradicts his conclusion and explain why the evidence was rejected.  *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir.  1995).

Further, the ALJ's decision must adequately demonstrate the path of reasoning, and the evidence must lead logically to the ALJ's conclusion.  *Terry*, 580 F.3d at 475; *Rohan v. Chater*, 98 F.3d 966, 971 (7th Cir.  1996). To affirm the Commissioner's final decision, "the ALJ must build an accurate and logical bridge from the evidence to [his] conclusion." *Zurawski*, 245 F.3d at 888-89; *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir.  2000).

**C.**     **Review of the Magistrate Judge's Report and Recommendation**

A district court may assign dispositive matters to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any findings of fact. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). *See also Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).  The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to "accept, reject, or modify" the findings and recommendations, and the district

7

court need not accept any portion as binding.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  *See also Schur*, 577 F.3d at 760-61.

After a magistrate judge makes a report and recommendation, either party may object within fourteen days of being served with a copy of the same.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  When a party raises specific objections to findings and recommendations made within the magistrate judge's report, the district court is required to review those objections *de novo*, determining for itself whether the Commissioner's decisions as to those issues are supported by substantial evidence or were the result of an error of law.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).  The court may, however, defer to those conclusion to which timely objections have not been raised by a party.  *Schur*, 577 F.3d at 760-61.

### III.  DISCUSSION

The Commissioner did not object to several of the errors identified by the Magistrate Judge in his Report and Recommendation; each of which justifies reversal of the ALJ's decision.  In particular, the Commissioner did not object to the Magistrate Judge's conclusion that the ALJ erred in his analysis of Listing 12.05, incorrectly evaluating evidence of Fields' IQ scores, educational records, and employment history.  Nor did he not object to the Magistrate Judge's conclusion that the ALJ erred in in his credibility analysis, failing to account for the affect that Fields' mental impairments had on his ability to maintain treatment compliance.  Finally, the Commissioner did not object to the Magistrate Judge's conclusion that the ALJ failed to include Fields' reading limitations in his RFC assessment and corresponding hypothetical to the Vocational Expert.

With respect to the Magistrate Judge's conclusions regarding the treating physician evaluation, the Commissioner did not object to the finding that the ALJ mistakenly identified

certain record evidence regarding Fields' prior work history, incorrectly characterized Fields' testimony regarding his employment history, and improperly discounted Dr. Abbert's opinion because Fields was not being hospitalized for his mental impairments.  Rather, the Commissioner limits his objection to the Magistrate Judge's recommendation that this Court award benefits rather than remand this case for, what would be, a third hearing before an ALJ.

Additionally, the Commissioner contests the Magistrate Judge's conclusion that the ALJ erred in his reliance on Fields' prior substantial gainful employment as a reason for discounting Dr. Abbert's opinion and challenges the conclusion that the ALJ did not consider evidence of Fields' worsening condition after the alleged onset date.  The Commissioner contends that the resolution of these issues requires additional fact-finding and credibility determinations, functions which the Commissioner considers best performed by an ALJ.

**A.    Treating Physician**

Regarding the remaining factual issues, the Court agrees that the ALJ erred in his evaluation of Dr. Abbert's opinion by errantly relying on Fields' prior substantial gainful employment and failing to fully consider evidence of Fields' worsening condition after the alleged onset date.

A treating physician's opinion regarding the nature and severity of a medical condition is ordinarily entitled to controlling weight if the opinion is well supported by the medical findings and is consistent with substantial evidence in the record.  *See Hofslien v. Barnhart*, 439 F.3d 375, 376 (7th Cir. 2006); 20 C.F.R. § 404.1527(c)(2).  More weight is generally afforded a treating physician's opinion because he is more familiar with the claimant's conditions and circumstances.  *Clifford*, 227 F.3d at 870; 20 C.F.R. § 416.927(c)(2).

However, while the treating physician's opinion is important, it is not the final word on a claimant's disability. *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007); 20 C.F.R. § 404.1527(d)(1). Accordingly, if a treating physician's medical opinion is internally inconsistent or inconsistent with other evidence in the record, an ALJ is entitled to give the opinion lesser weight. *Schmidt*, 496 F.3d at 842. Indeed, when evidence in opposition to the presumption is introduced, the rule drops out and the treating physician's opinion becomes "just one more piece of evidence for the ALJ to weigh." *Hofslien*, 439 F.3d at 377.

An ALJ's decision to give lesser weight to a treating physician's opinion is afforded deference, so long as the ALJ minimally articulates his reasons for doing so. *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2011); *Copeland v. Astrue*, 3:09-CV-431-JD, 776 F. Supp. 2d 828, 836 (N.D. Ind. Mar.1, 2011); 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination of decision for the weight we give your treating source's opinion."). The Seventh Circuit has characterized this deferential standard as "lax." *Berger*, 516 F.3d at 545; *Brown v. Astrue*, No. 1:10-CV-1035-SEB, 2011 WL 2693522, *3 (S.D. Ind. July 8, 2011).

Nevertheless, once an ALJ decides to give lesser weight to a treating physician's opinion, the ALJ still must determine what weight the physician's opinion is due under the applicable regulations. *Larson v. Astrue*, 615 F.3d 744, 751 (7th Cir. 2010); 20 C.F.R. § 404.1527(c)(2). Factors the ALJ should consider when determining the weight to give the treating physician's opinion include the length, nature, and extent of the treatment relationship, whether the physician supported his opinion with sufficient explanations, and whether the physician specializes in the medical conditions at issue. *See Elder*, 529 F.3d at 415-16; 20 C.F.R. 404.1527(c)(2).

Dr. Abbert, whom the ALJ properly recognized as having had "a long standing treating relationship" with Fields, opined that Fields had greater functional limitations than the ALJ's RFC

10

finding. Specifically, on September 10, 2010, nearly three years after the alleged onset date, Dr. Abbert opined that Fields suffered from generalized persistent anxiety, deeply ingrained maladaptive patterns of behavior, difficulty thinking or concentrating, persistent disturbances of mood and affect, and sleep disturbance. (Filing No. 15-15 at 56.)

In addition, Dr. Abbert opined that Fields was unable to meet competitive standards in a variety of work-related activities, including: remembering work-like procedures; maintaining attention for a two hour segment; maintaining regular attendance and being punctual within customary, usually strict tolerances; sustaining an ordinary routine without special supervision; working in coordination with or in proximity to others without be unduly distracted; making simple work-related decisions; completing a normal workday and workweek without interruptions from psychologically based symptoms; performing at a constant pace without an unreasonable number and length of rest periods; getting along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; responding appropriately to changes in a routine work setting; dealing with normal work stress; understanding and remembering detailed instructions; carrying out detailed instructions; and dealing with stress of semiskilled and skilled work. *Id*. at 56-57.

In his opinion, the ALJ repeatedly discredited Dr. Abbert's opinion because Fields' engaged in substantial gainful activity ("SGA") after the onset alleged date. (Filing No. 15-16 at 19.) In particular, the ALJ made the following conclusions,

> The claimant was able to work at SGA or near SGA levels since the age of 17, despite hearing ongoing voices when he was on or off medication all through his adulthood and thus, the fact that he is hearing voices do [sic] not rise to the level that he is unable to perform basic work activities causing him to be disabled.
> . . .
> Because the claimant was able to work at this position for several months after his alleged onset date and he has almost made SGA levels in 2009 despite having the above ongoing mental symptoms, cognitive defects and hearing voices, Dr. Abbert's above opinion that the claimant is unable to meet competitive standards

11

>or seriously limited is given little weight as the evidence before the Administration proves otherwise.

*Id.*

However, as the Magistrate Judge correctly points out, Dr. Abbert's opinion was written on September 10, 2010, well after Fields had stopped engaging in SGA. (*See* Filing No. 15-19 at 16.) Dr. Abbert's 2010 opinion, therefore, is not clearly rebutted by Fields' work history prior to the alleged onset date as the ALJ suggests. In the same vein, the Magistrate Judge correctly notes that the Dr. Abbert's opinion is consistent with the evidence of Fields' declining condition after the alleged onset date. Indeed, even the ALJ noted that Fields began experiencing more frequent and disruptive auditory hallucinations following the death of his grandparents in 2008, and that such symptoms required a number of medication increases after the alleged onset date. (*See* Filing No. 15-16 at 17-18.) However, the ALJ did not attempt to reconcile the evidence of Fields' declining mental health with his conclusion that Fields' ability to work remained the same as before the alleged onset date.

As the Magistrate Judge noted, there is no indication that the ALJ took into account the fact that some of the work performed by Fields after the alleged onset date may not have been at full capacity. In particular, the Magistrate Judge notes that in 2009 Fields was employed by a "good friend" who limited his work load. (*See* Filing No. 15-16 at 50-51.) Given this testimony, it is not clear whether that work was properly considered to be SGA, as the ALJ concluded. *See Garcia v. Colvin*, 741 F.3d 758, 760 (7th Cir. 2013) ("[o]ne can be employed full time without being capable of substantial gainful activity, paradox though that may seem . . . . The reasons given in the cases we've just cited are a desperate employee or a lenient or altruistic employer."). Additional discussion by the ALJ in this regard was, therefore, necessary to build the logical bridge

between the evidence and his conclusion. *See Zurawski*, 245 F.3d at 888-89; *Clifford*, 227 F.3d at 872.

As a result, reversal of the ALJ's decision is warranted for all of the reasons identified in Magistrate Judge's Report and Recommendation, including the errors identified in the Listing analysis, credibility determination, treating physician evaluation and RFC finding. Accordingly, the Court overrules that portion of the Commissioner's objection and adopts those conclusions in the Report and Recommendation.

**B.     Appropriate Remedy**

Having found that the decision must be reversed, the Court must determine the appropriate remedy. Fields' application for disability benefits has languished in the judicial system for almost seven years without a resolution, having already been rejected by two ALJs and reversed by two federal judges. In addition, a resolution of Fields' claim is not quickly anticipated if Fields' case is again remanded, for what would be a third ALJ review. Recognizing the number of reversible errors, both evidentiary and explanatory, in the ALJ's most recent decision, the Magistrate Judge recommended granting Fields an award of benefits rather than remanding Fields' case a third time.

Under sentence four of the statute granting judicial review of the Commissioner's final decisions, 42 U.S.C. § 405(g), the Court has authority to enter a judgment affirming, modifying, or reversing the Commissioner with or without remanding the cause for rehearing. *Briscoe v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is the appropriate remedy unless the evidence before the court compels an award of benefits. *Id.* However, an award of benefits is appropriate only where all factual issues have been resolved and the "record can yield but one supportable conclusion." *Id.* (quoting *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993)).

In addition, "obduracy is not a ground on which to award benefits; the evidence properly in the record must demonstrate disability". *Id*. at 357.

In his Report and Recommendation, the Magistrate Judge concluded correctly that Dr. Abbert's opinion was entitled to controlling weight, having rejected each of The ALJ's reasons for discounting Dr. Abbert's opinion and concluding that the opinion was not contradicted by other evidence in the record. However, some of the errors identified in The ALJ's opinion are errors of articulation rather than evidentiary and are, therefore, potentially capable of repair on remand. The Court is reluctant to step into the shoes of the ALJ and weigh Dr. Abbert's opinion in relation to the competing opinions of the state agency physicians. Indeed, such decisions ordinarily rely solely within the province of the ALJ. *See Overman*, 546 F.3d at 462 (noting that the district court does not decide the facts anew, re-weigh the evidence, resolve conflicts, decide questions of credibility, or substitute the court's own judgment for that of the Commissioner); *Lopez*, 336 F.3d at 539. The evidence strongly suggests Dr. Abbert's opinion should be entitled to controlling weight, however, that conclusion is best left to the ALJ on remand.

Further, the Court is reluctant to adopt the Magistrate Judge's additional conclusion that Dr. Abbert's opinion directly corresponds with ALJ's Sampson's alternative hypothetical, which would have otherwise directed a conclusion of disability. In this regard, the Magistrate Judge noted ALJ's Sampson's alternative hypothetical individual, who would have a similar RFC to Fields but would be "off task 20 percent of the workday" "due to impairment-related symptoms such as distractions from voices"; and he considered the hypothetical individual to match the limitations identified in Dr. Abbert's opinion. (*See* Filing No. 15-16 at 83-84.) While this may, indeed be true, it is not clear from the record that there is no other supportable conclusion. *See Briscoe*, 425 F.3d at 355 ("an award of benefits is appropriate only where all factual issues have

been resolved and the record can yield but one supportable conclusion"). Accordingly, the Court reverses and remands Fields' case for additional proceedings, consistent with the adopted portions of the Magistrate Judge's Report and Recommendations.

## IV.  CONCLUSION

For the reasons stated above, the Court **OVERRULES in part** and **SUSTAINS in part** the Commissioner's objections to the Magistrate Judge's Report and Recommendation. (Filing No. 22.) The Court **ADOPTS** the Magistrate Judge's conclusions regarding the errors identified in the Report and Recommendation and **MODIFIES** the ruling regarding the appropriate remedy. The Commissioner's final decision is **REVERSED** and **REMANDED** under sentence four.

The Court encourages the Commissioner to assign a new ALJ to handle any additional proceedings. *See Briscoe*, 425 F. 3d at 357; *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003).

The Court will enter final judgment by separate order.

SO ORDERED.

Date: 5/23/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Joseph R. Wambach
KELLER & KELLER
joew@2keller.com

Thomas B. Browder
KELLER & KELLER
tomb@2keller.com

Timothy E. Burns
KELLER & KELLER
timb@2keller.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov